ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REGENE JANEE BABBS-SMITH,** )<br> )<br>      **Plaintiff,** )<br> )<br>vs. )<br> )<br>**NORTHLAND VILLAGE APARTMENTS,** )<br>**et. al,** )<br> )<br>      **Defendants.** )<br>_____) | Case No. 10-2623-JAR-DJW |

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Regene Janee Babbs-Smith proceeds *pro se* and *in forma pauperis* in this action. Plaintiff's Complaint alleges discriminatory housing practices by defendants Northland Village Apartments ("Northland") and its alleged manager, Connie Lambert, and alleged owner, John Hodges. It appears from the Complaint that plaintiff claims federal question jurisdiction; all parties in this case are residents of Missouri.

On January 3, 2011, Magistrate Judge Waxse ordered plaintiff to show cause in writing to this Court why the Complaint should not be dismissed for lack of personal jurisdiction and venue. Petitioner filed a response on January 18, 2011.[1] The Court has reviewed petitioner's response and determines that the case should be dismissed for lack of personal jurisdiction and venue for the reasons set forth in Judge Waxse's Order to Show Cause.

---

[1](Doc. 11.)

1

By the terms of 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's Complaint must be reviewed and, if found to be frivolous or malicious, to not state a claim on which relief may be granted, or to seek monetary relief against a defendant who is immune, then the court must dismiss the case. It is well-established that:

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff. In addition, we must construe a pro se applicant's complaint liberally.[2]

Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants proceeding *in forma pauperis*.[3] Moreover, when a personal jurisdiction or improper venue defense "is obvious from the face of the complaint and no further factual record is required to be developed," a district court may properly consider such defenses *sua sponte*.[4]

"In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules."[5] To establish personal jurisdiction over a defendant, plaintiff must show that jurisdiction is proper under the laws of the forum state,

---

[2] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (internal quotation marks and citations omitted).

[3] *See Alexander v. Wichita Hous. Auth.*, Case No. 07-1149-JTM, 2007 WL 2316902, at *2 (D. Kan. Aug. 9, 2007) (citations omitted).

[4] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

[5] *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). The federal Copyright Act, 17 U.S.C. § 101 *et seq.*, does not provide for nationwide service of process, therefore the court applies the law of the state in which it sits. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

Kansas, and that the exercise of jurisdiction would not offend due process.[6] The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court proceeds directly to the constitutional analysis.[7]

For the court's exercise of jurisdiction to comport with due process, defendant must have "minimum contacts" with the State of Kansas.[8] "Minimum contacts" can be established in one of two ways: specific jurisdiction or general jurisdiction. Plaintiff argues this Court has specific jurisdiction over defendants, so this Court will only consider the specific jurisdiction analysis. Specific jurisdiction exists over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[9]

As Judge Waxse's Order to Show Cause explained, defendants are all residents of Missouri and there is nothing on the face of the Complaint that demonstrates any contacts between defendants and the State of Kansas. Plaintiff is herself a resident of Missouri. Plaintiff's response to the Order to Show Cause attaches hundreds of pages of documents from an investigation conducted by the U.S. Department of Housing and Urban Development ("HUD") based on a Complaint she filed with that agency alleging discriminatory housing practices by defendants. She contends in her response that an individual from HUD provided her with contact information for the Kansas City Division of the District of Kansas. But nothing in

---

[6]*Intercon, Inc., v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[7]*Fed. Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 241 Kan. 775, 740 P.2d 1089, 1092 (1987)).

[8]*Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[9]*OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

the attached documentation supports the Court's exercise of personal jurisdiction over these defendants. The documentation instead further supports all parties' connection to the State of Missouri. The only apparent connection to Kansas is the fact that the HUD office where plaintiff filed her complaint is located in Kansas. This is insufficient to support a finding that defendants had minimum contacts with the State of Kansas. This case is therefore dismissed for lack of personal jurisdiction.

Furthermore, plaintiff has not shown that venue is appropriate in this Court. As Judge Waxse explained, defendants all appear to reside in Missouri, and all or a substantial part of the events giving rise to plaintiff's claims appear to have taken place in Missouri. Thus, under 28 U.S.C. § 1391(b), venue is not proper in the District of Kansas. The Court has reviewed plaintiff's response to the Order to Show Cause and finds nothing that changes Judge Waxse's finding. Accordingly, venue is inappropriate and this case is further dismissed for lack of venue.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is DISMISSED for lack of personal jurisdiction and venue.

**IT IS SO ORDERED.**

Dated: January 21, 2011

    S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE